Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A COMPLAINT
## UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    09CV6325FE
(Prisoner Complaint Form)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

*FILED JUN 23 2009 — U.S. DISTRICT COURT, WESTERN DISTRICT*

**A.    Full Name And Prisoner Number of Plaintiff:** NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. Chanikka Marietta Latrice Davis-Payne

2. _____

-VS-  See Attached Sheet #1

**B.    Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Superintendent William Powers
2. Dept of Security Sandy Amoia
3. Dr. Singh
4. C.O. D. Robinson, Ms.
5. Albion Correctional Facility
6. Investigator Kendra
7. Captain Anthony Wiley
8. Investigator Spangler
9. Director SH/IDP Norman R. Bezio
10. Sgt. Richardson
11. Grievant Supervisor Ms. Looney
12. CO. D. Berghorn
13.) CO. Walczyk
14.) CO. Ms. Johnson

### 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: Chanikka Marietta Latrice Davis Payne  07G0308

Present Place of Confinement & Address: Special Housing Unit, Albion Correctional Facility, 3595 State School Rd, Albion, New York 14411

Name and Prisoner Number of Plaintiff: _____

Present Place of Confinement & Address: _____

#1

B Names of defendants

7.) Captain Anthony Wiley

8.) Investigator Spangler

9.) Director SHU Norman Bezio

10.) Sgt. T Richardson

11.) Greivant Supervisor Ms. Looney

12.) CO. D. Berghoen

13) CO. Walczyk

14.) CO. Ms. Johnson

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: __Ms. D. Robinson__

(If applicable) Official Position of Defendant: __Correctional Officer__

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: __Albion Correctional Facility__


Name of Defendant: __Sandy Amoia__

(If applicable) Official Position of Defendant: __Deputy of Security__

(If applicable) Defendant is Sued in __X__ Individual and/or __X__ Official Capacity

Address of Defendant: __Albion Correctional Facility__


Name of Defendant: __William Powers__

(If applicable) Official Position of Defendant: __Superintendant__

(If applicable) Defendant is Sued in _____ Individual and/or __X__ Official Capacity

Address of Defendant: __Albion Correctional Facility__

__See Attached (2)__

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?
Yes____  No __X__

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

   Plaintiff(s):_____

   Defendant(s):_____

2. Court (if federal court, name the district; if state court, name the county):_____

3. Docket or Index Number:_____

4. Name of Judge to whom case was assigned:_____

2

On the date of incident <u>3/30 - present</u>

defendant (give name and position held of each defendant involved in this incident <u>Ms. D. Robinson, Ms. Johnson, Mr. Walczyk, Mr. D. Benchoen, positions: Correctional officers, + Albion Correctional facility as a whole</u>

did the following to me <u>Refusal of Recreation, stealing property by taking magazines, mail, refusing my allowed property, purposely mishandling property to interrupt me receiving packages, harassing me because I greived them, taunting and threatening me because I greived them, stealing personal mail of mines, causing duress and humiliation Reading and</u>

The constitutional basis for this claim under 42 USC §1983 is: <u>1st Admendment 14th Admendment. due process, mandatory recreation, dehumanization, threats</u>

The relief I am seeking for this claim is <u>$600,000 monetary damages and charges placed on them.</u>

Exhaustion of your remedies for this claim
Did you greive or appeal this claim <u>X</u> yes ___ no If yes what result <u>denied</u>

Did you appeal that decision <u>X</u> yes ___ no If yes what result <u>denied</u>
If you did not exhaust your administrative remedies, state why you did not do so <u>facility refuses to investigate and handle greivances properly. Also refuses to pull video surveillance for witness to incidents. If you don't receive this on 6/8 it is additional proof along with my writing on envelope.</u>

On the date of incident ___1/30/09___

defendant (give name and position of each defendant involved in this incident)
— Ms. Looney Greivant Supervisor

did this to me ___held my greivances for months and didn't have them looked at or addressed, also destroyed some greivances, is not assisting in proper procedures for greivances, causing medical malpractice to continue and due process interrupted, aiding in numerous violations concerning packages property harassment mail fraud and duress.___

The constitutional basis for this claim under 42 USC 1983 is, 1st Admendment 8th Admendment 14th Admendment, mail refusal, greivance process refusal.

The relief I am seeking for this claim is $300,000

exhaustion of your remedies for this claim
Did you greive or appeal this claim _X_ yes ___ no if yes what result
— paper work disappeared

Defendant's Information

Name of Defendant __G. Kendra__
(if applicable) Official Position of Defendant __N.Y.S. DOCS Investigator__
(if applicable) Defendant is sued in __X__ individual and/or __X__ official capacity
Address of Defendant __Albany__

Name of Defendant __J. Spengler__
(if applicable) Official Position of Defendant __NYS DOCS Investigator__
(if applicable) Defendant is sued in __X__ individual and/or __X__ official capacity
Address of Defendant __Albany__

Name of Defendant __T. Richardson__
(if applicable) Official Position of Defendant __Special Housing Unit Sargent__
(if applicable) Defendant is sued in __X__ individual and/or __X__ official capacity
Address of Defendant __ACF__

Name of Defendant __Norman D. Bezio__
(if applicable) Official Position of Defendant __Director of Special Housing Unit and IDP__
(if applicable) Defendant is sued in __X__ individual and/or __X__ official capacity
Address of Defendant __Albany__

Name of Defendant __Ms. Looney__
(if applicable) Official Position of Defendant __Greivance Supervisor__
(if applicable) Defendant is sued in __X__ individual and/or __X__ official capacity
Address of Defendant __ACF__

Defendants Information

Name of Defendant **Albion Correctional Facility**
(if applicable) official Position of defendant _____
(if applicable) Defendant is sued in **X** individual and/or **X** official capacity
Address of Defendant **ACF**

Name of Defendant **Dr. Singhi**
(if applicable) official Position of Defendant **Special Housing units doctor**
(if applicable) Defendant is sued in **X** individual and/or **X** official capacity
Address of Defendant **ACF**

Name of Defendant **Captain Anthony Wiley**
(if applicable) official Position of Defendant **Captain**
(if applicable) Defendant is sued in **X** individual and/or **X** official capacity
Address of Defendant **ACF**

Name of Defendant **D. Berghorn**
(if applicable) official Position of Defendant **Correctional officer**
(if applicable) Defendant is sued in **X** individual and/or **X** official capacity
Address of Defendant **ACF**

Name of Defendant **CO. Walczyk**
(if applicable) official Position of Defendant **Correctional officer**
(if applicable) Defendant is sued in **X** individual and/or ___ official capacity
Address of Defendant _____

Name of Defendant **CO. Ms. Johnson**
Position **Correctional officer**
Defendant sued in **X** individual and/or **X** official capacity
Address of defendant _____

5.     The approximate date the action was filed:_____

6.     What was the disposition of the case?

        Is it still pending? Yes\_\_\_\_ No\_\_\_\_

            If not, give the approximate date it was resolved._____

        Disposition (check the statements which apply):

    \_\_\_\_ Dismissed (check the box which indicates why it was dismissed):

        \_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        \_\_\_\_ By court for failure to exhaust administrative remedies;

        \_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        \_\_\_\_ By court due to your voluntary withdrawal of claim;

    \_\_\_\_ Judgment upon motion or after trial entered for

        \_\_\_\_ plaintiff

        \_\_\_\_ defendant.

**B.**     Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment?**

        Yes\_\_\_\_ No X\_\_

If Yes, complete the next section. NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.     Name(s) of the parties to this other lawsuit:

        Plaintiff(s):_____

        _____

        Defendant(s):_____

        _____

2.     District Court:_____

3.     Docket Number:_____

4.     Name of District or Magistrate Judge to whom case was assigned:_____

    _____

5.     The approximate date the action was filed:_____

6.     What was the disposition of the case?

        Is it still pending? Yes\_\_\_\_ No\_\_\_\_

            If not, give the approximate date it was resolved._____

On the date of incident __1/13/09 - present__
defendant (give name and position held of each defendant involved in this incident __Superintendent William Powers, Dept. of Security Sandy Amoia, Captain Anthony Wiley, Sgt. T. Richardson, Director SHU/IDP Norman R. Bezio,__

did the following to me __Neglected to provide me with assistance in harassment complaints, they are involved and allowed fraudulent acts to be committed against me. They have tampered with my mail by holding them for weeks, they deny my rights to everything including greivance process, adequate evidence in foil requests and refusing to hand over evidence audio tapes that I paid for to Albany and myself. They allowed the I.G. to have sovorein power over everything including the investigation, my Admin. seg. reports, witnesses and acting as consultants to advise what they want to happen. Also allowing the package room to hold my packages for months. Allowing doctors to ignore medical request, Allowed forced indecent exposure__

The constitutional basis for this claim under 42 USC §1983 is: __due process, adequate medical treatment, rights to property, protection, neglect in harassment complaints, Fraud, sovoreign power, civil right__

The releif I am seeking for this claim is __$500,000__

Exhaustion of Your Remedies for this claim
Did you greive or appeal this claim _X_ yes ___ no  If yes what result __denied__

Did you appeal that decision _X_ yes ___ no  If yes what result __denied__

If you did not exhaust your administrative remedies, state why you did not do so

did the following to me (briefly state what each defendant named above did): they conducted a long interrogation. After I requested my family and lawyer. Both of them conspired to have me put in the special housing unit. Kendra and Spangler controlled the entire situation in keeping me in shu. They investigated, became witness for each others reports and witnesses for the incident. The Also were the consultants for holding me due to their reports and the decision to release me from Administration segregation. Together they interrupted my due process in grievances and controlling my mail in and out, making all testimony confidential

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 14th Admendment due process clause 8th Admendment inhumane treatment. 1st Admendment access to council abuse of power

The relief I am seeking for this claim is (briefly state the relief sought): Relief from SHU ackmninal charges against them and monitary damages. $100,000

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? _X_ Yes ___ No  If yes, what was the result? denial without facts

Did you appeal that decision? _X_ Yes ___ No  If yes, what was the result? denial. ACF did not provide all evidence I paid for

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: Some I did not exhaust because they are lost and it is of no use.

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

Federal Charges be placed on all defendants and monetary damages. They are to be jailed and prosecuted to ensure others do not attempt to harm others, as an example. I want a full investigation

Do you want a jury trial? Yes _X_ No ___

6

A. **FIRST CLAIM:** On (date of the incident) ~~Dr. Singhi and Albion Corr. Fac. (not medical)~~ April 10, 2007 until present ~~office~~
defendant (give the **name and position held** of **each defendant** involved in this incident) Dr. Singhi And Medical staff And Albion Correctional Facility

did the following to me (briefly state what each defendant named above did): Once Admitted to this facility I made medical aware of my pain and medications needed. I provided doctors names and pharmacy names to get continuation of prescribed medications. They were never given as far as pain except 1 muscle relaxer. Alternates for pain that don't work fully. I was put through many allergy medications until benadryl was given. Once my prescription ran out and I was placed in SHU (special) Housing Unit I was denied the benadryl and pain medications I received at home. His excuse was it made me sleepy. Causing pain illness and mental anguish.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: 8th Admendment, Adequate medical care.

The relief I am seeking for this claim is (briefly state the relief sought): Adequate medical care and monitary damages.  $100,000

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim?  X  Yes _____ No  If yes, what was the result? None, negligence

Did you appeal that decision?  X  Yes _____ No  If yes, what was the result? this Application

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: _____

A. **SECOND CLAIM:** On (date of the incident) 1/13/09
defendant (give the **name and position held** of **each defendant** involved in this incident) NYS DOCS investigator G. Kendra and NYS DOCS investigator J. Spengler.

5

FORM 2133 (REV. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | GRIEVANCE NO. ALPC #9912-09 | DATE FILED 03/31/09 |
|---|---|---|
| | FACILITY Albion Correctional Facility | POLICY DESIGNATION |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Questioning by I.G. | CLASS CODE 49 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE | DATE 4/9/09 |
| GRIEVANT DAVIS-PAYNE, Chanikka | DIN # 07G0308 | HOUSING UNIT SH-OB-017 |

This grievance was investigated by a security supervisor who interviewed inmate regarding her complaint against staff member of the NYS DOCS Inspector General's Office. Grievant did not provide any additional information and no witnesses were named claiming it is all spelled out in the complaint.

Inspector General's Office staff named in this grievance responded in writing denying all allegations as stated in said complaint.

Investigation revealed staff interview took three (3) hours to complete because grievant was combative when answering questions. Grievant often "rambled" on and asked numerous questions that did not pertain to the investigation. It appears grievant has no merit to her complaint about the time-frame of the interview. Issues where she alleges coercion and conspiracy would be handled through the appeal process and are not a grievance issue. She has the right to address those issues by appealing her administrative segregation decision.

In conclusion, there is no merit to this grievance, therefore, it is denied.

ALBION CORRECTIONAL FACILITY RECEIVED APR 14 2009 IGRC

ALBION CORRECTIONAL FACILITY RECEIVED APR 10 2009 IGRC

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to C.O.R.C.

SEE ATTACHED

GRIEVANT'S SIGNATURE

_Linda A. Jacobs_
GRIEVANCE CLERK'S SIGNATURE

DATE 4/14/09

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

To: Grievance    SHU 13-09    1/25/09
From: Chinnakko Davis Payne 07A0358   ALPC-9912-09
IGRC

On 1/13/09 I was called to the administration building and interrogated from 2pm until 5:40pm by NYS DOCS IG Investigator Kindra and another (name unknown female). During the questioning I asked for my lawyer and or family because the questioning was out of line about an officer and accusations made by unknown inmates. Being I could not provide them with any help (which is not my job) I was escorted to SHU by Sgt. Billups. Once in SHU Sgt. Watson said I was placed here under Administration Segregation and it was not disciplinary. The next morning I was given a copy of the Administration Segregation Recommendation, written by IG Kindra and approved by Lt. Reyes. My hearing was started on 1/24/09 by Captain A. Wiley. It was adjourned until 1/24/09 for questioning of witnesses, in which I did not understand because there was no incident. Only IG Kindra was questioned (who wrote the recommendation) and his testimony was not made available to me, it was deemed confidential and it was already predetermined that I was to remain in SHU. I asked during the hearing "was this based on he said she said not facts" and he Capt Wiley agreed. I stated several times that I do not understand. I haven't been in any incidents to show that (support) my presence in population can harm or interrupt his investigation or using the phone (calling my family and lawyer) can put the security of the facility at risk. I asked specifically how can I stop IG Kindra from asking questions walking around investigating or any of the sort. I asked that it be made clear to me the factual basis or reasoning that I am a threat or can stop the investigation. It was once again stated that I cannot know anything in which prevented me the right to call witnesses on my behalf and properly defend myself with statements or facts in why I shouldn't be segregated. Completely violating me and denying me any rights. As investigator Kindra stated this investigation has been ongoing before 1/13/0 in which I had been previously questioned about and I never had a problem nor do I care about it. It was never made clear to me at any time during my hearing of why I am being held in Administrative Segregation. It is apparent that IG Kindra and Capt Wiley conspired before hand to keep me in Admin Seg. and away from my family and lawyer to assist me in my need for help. My Tier II ticket also has IG Kindras signature statement all over it, Lt Bivens reason for the 30 day keeplock and ect was "Correspondence violations place the safety and security of the facility at risk. The same statement made 3 days prior by IG Kindra to place me in SHU. It is apparent that IG Kindra is coercing and 3rd party control of the Administration Segregation to get what he wants, determination to keep me from getting help and the fact that my mail is not reaching my family is another proven fact, by statements made by my family of not receiving correspondence. By continuously using the words ongoing investigation before hand after hand and by others indicate premeditation to keep me in SHU without any factual reasoning and away from my lawyer and family for which my phone list can verify who is available. I am not in fear or a danger to population and I believe this is a pressurizing way to force me to say things about others that are not true and I cannot help. This is harassment violating my rights and conspiracy against me. This whole situation is capricious and arbitrary pre-meditated control my IG Kindra, Capt. Wiley, Lt. Bivens and Lt Reyes are conspiring to assist IG Kindras wants instead of making decisions based on actual facts it they because there isn't a incident factually involving me. Holding me because of an investigation violates the 72 hour rule because I am still here. The only dangerous person to the facility is the mail from the messhall Batis who has came here to my gallery on 1/14/09 at 11 AM and I heard him spreading rumors about me to 2 female officers. More unprofessional acts in violating me with this supposed confidential investigation. All around I am violated in the right to legally protect myself with a lawyer in revealing this harassment. Due to my accusations and factual paperwork to accompany I should be relieved of every disposition without prejudice.

From: Chanikka Davenport  
To: Grievance  
Charges: Retaliation and Threats

ALBION CORRECTIONAL FACILITY  
RECEIVED  
ALPC-9913-09  
FEB 19 2009  
IGRC  
SHU B-17  
Tape # 09.027

Today my hearing for my tier 2 ticket 113.15 unauthorized exchange and 116.13 vandal./poss. stolen property was conducted with testimony from my witness, whom the ticket's statement for charges came from. The ticket involved a silver chain and cross charm belonging to my witness Pamela Barrows 08*0200 which was confiscated from Carla Francis 07*0843 in the J1 unit while I am in shu. Inmate Pamela Barrows 08*0200 stated that the chain was not stolen and in fact at one time she had given the chain to me. During the hearing before and after my witnesses testimony Lt. Bivens became loud and threatening in demeanor. In fact when I wanted to have inmate Pamela Barrows questioned about exchanging anything for the necklace and charm I was cut off by his angry verbal lashes. He then found me guilty of the exchange charge 113.15. My witness stated a few times that the chain was only given to me, and no statement of a exchange involved in her giving it to me. Definition of exchange: is to give something in return or exchange for something else. Statement of evidence relied on does not show exchange. Example: American money is given to a Canadian bank in exchange for Canadian currency. There is no exchange involved in this situation. After the hearing was finished Lt. Bivens gave me 30 days loss of packages and commissary after asking me off the record how long I am in shu for. He then stated to me that my witness is a lier and he is going to have Sgt. Bordeaux who originally wrote my ticket, write her, inmate Barrows 08*0200 for unauthorized exchange and lieing then he is going to lock her up. I told him I'll be her witness because that is thied party harassment and he stated No I wont because he wont let me be her witness. Anyone has a right to testify or call witness on a persons behalf. I had greived Lt. Bivens a few weeks ago and I feel all of this is retaliation for the greivance. He is premeditating an attack on my witnesses life in population because she is my witness and the 30 day loss of comm. packages along with a ticket for, he is his personal not professional acts in which he was hired to perform professionally. My ticket should have been vacated without predjudice towards myself or Ms. Barrows. We should not have to succomb to Lt. Bivens personal attack and retaliation causing a disturbance in population along with endangering the safety and security of the facility for his personal reasons by third party or any sort. He should be refrained from conducting any hearings involving me and this ticket's decision overturned.

0760308

Chanikka Davis-Prague
0760308

4/11/09

Shu B-17

Appeal for Greivance denial # 9912-09

Reason for appeal:
Decision is not factual based and is Arbitrary and capricious followed by complaints.

The security supervisor who investigated this greivance has no factual merit to deny this greivance. The statement that it took 3 hours to complete the staff interview is just a complaint, suggesting he did not want to spend the needed time to fully investigate. To state that I rambled on and was combative is a personal opinion which is irrelevant due to the fact that this is a professional job. Coersion and conspiracy are a greivance issue. It is my decision what I want to greive. It is said that I do not have a witness, which is not true. The tape recorder in itself is a witness and all statements that I quoted was factual and could be reviewed if sufficient time was put in to listen and hear the hearing. The staff member has the right to deny all allegations but that does not make him right. With a little comprehension and professionali in the matter the facts to my allegations would have plainly revealed itself. Providing additional information is not required in a greivance. Every question that I asked and statement made during questioning did pertain to the investigation. There were no other situations discussed. This decision for denial is arbitrary and capricious along with the lack of factual evidence to stand against my allegations. In this appeal I am requesting the witness tape recording be heard and listened to along with a complete review of my greivance to ascertain the facts therein and overturn this denial decision without predjudice. Also the SHU B gallery cameras and microphones can be pulled to hear and see Artis making alleged statements.

Respectfully
[signature]
0760308

ALBION CORRECTIONAL FACILITY
RECEIVED
APR 14 2009
IGRC

ALBION CORRECTIONAL FACILITY
RECEIVED
APR 13 2009
SUPERINTENDENT

# NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES
## ALBION CORRECTIONAL FACILITY
## MEMORANDUM

**TO:**   Davis-Payne, C.   07G0308   SH-OC-038

**FROM:**   Capt. Wiley *Awley, Cpt*

**DATE:**   May 26, 2009

**RE:**   FOIL Request, Several Video Tapes

---

Be advised, requests for video tapes will only be honored for videos previously requested by inmates as part of a disciplinary hearing, or that already exists for departmental purposes and are deemed dis-closable under FOIL guidelines. Videos will not be created from the Loronix System in any other case due to the provisions in FOIL guidelines that documents do not need to be created in order to satisfy a request.

AJW/tlj

c: IRC
   File

Chaurice Davis-Payne
07G0308
Albion Correctional Facility
3595 State School Rd
Albion, New York
14411

Records Access Office
Department of Correctional Services
Commissioner
1220 Washington Ave, Building #2
The Harriman State Campus
Albany, New York 12226

RE: Freedom of Information Law Appeal

Dear Commissioner:

I hereby appeal the denial of access regarding my request, which was made on 5/10/09 and sent to Inmate Records/Captain Anthony Wiley at Albion Correctional Facility 3595 State School Rd, Albion New York 14411. The records that were denied are copies of video tapes from the Loronix System for dates 3/29/09, 3/30/09, 4/2/09, 4/9/09, 4/11/09, 4/13/09, 4/15/09, 4/17/09, 4/18/09, 4/28/09, 4/1/09, and 5/3/09 which is evidence to my grievances.

As required by the Freedom of Information Law, the head or governing body of an agency or whomever is designed to determine appeals is required to respond within ten business days of the receipt of an appeal. If the appeal is denied for records, please explain the reason for the denial fully in writing as required by law.

In addition, please be advised that the Freedom of Information Law directs that all appeals and the determinations that follow be sent to the Committee on Open Government, Department of State, 41 State Street, Albany, New York 12231.

Sincerely

I have a lot of information to help prosecute if a US Attorney General is willing to prosecute. Everything I am stating has sufficient evidence to go with it. I believe they may be trying to erase the video footage to support my claims. An investigation needs to be started immediately. I have others that will witness such actions and file their own complaints if they are assured assistance. Most of them are scared and have given up hope.

*[signature]*
0760308

I can afford to pay the $350.00 I just did not want to send it with this for fear of them reading my mail and retaliating against me. If the envelope writing does not match this writing then you know it was opened. A stamp is a government seal so I placed a stamp on this.