**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

FILED
JUN 21 2018
UNITED STATES DISTRICT COURT
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

CHANIKKA MARIETTA LATRICE DAVIS-PAYNE,
Plaintiff,

**DECISION AND ORDER**
09-cv-6325-JWF

v.

DSS SANDY AMOIA, et al.,
Defendants.

## Background

In this lawsuit brought pursuant to 42 U.S.C. § 1983, *pro se* plaintiff Chanikka Marietta Latrice Davis-Payne ("plaintiff") alleges that the defendants violated her constitutional rights while she was an inmate at Albion Correctional Facility. On April 15, 2014, in a comprehensive decision and order, Judge Telesca granted the defendants' motion to dismiss as to all of plaintiff's causes of action *except* her claim of retaliation in violation of the First Amendment against defendants Amoia, Robinson, Johnson, Bivens, Scalice, Jones, and Patterson. See Docket # 31 at 35. Judge Telesca dismissed plaintiff's claims against defendants Robinson, Johnson, Walczyk, and Berghorn concerning additional First Amendment violations based on interference with plaintiff's mail without prejudice with leave to replead within thirty days of the decision and order. See id. at 35, 37. The docket entries thereafter suggest that plaintiff did not replead the cause of action alleging interference with mail.

## Discussion

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c) for all matters including trial. Docket # 60. The Court met with the parties on June 21, 2018 for a final pretrial conference where they confirmed that plaintiff never repleaded her cause of action related to interference with her mail. Accordingly, the Court will **dismiss** plaintiff's claim for interference with her mail against defendants Robinson, Johnson, Walczyk, and Berghorn based on the law of the case.[1] Given that the First Amendment retaliation cause of action, which remains in the case, was asserted against defendants Robinson and Johnson, the Clerk of Court is directed to terminate only defendants Walczyk and Berghorn from this action.

## Conclusion

Based on the foregoing, plaintiff's claim for interference with her mail against defendants Robinson, Johnson, Walczyk, and Berghorn is **dismissed**. The Clerk of Court is directed to terminate defendants Walczyk and Berghorn from this action. The Court will

---

[1] "The law of the case doctrine provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 7-8 (2d Cir. 1996) (quotations and citations omitted). "The law of the case doctrine only forecloses consideration of issues that have already been decided." Steinfield v. Marks, No. 96 CIV. 0552 (PKL), 1997 WL 563340, at *3 (S.D.N.Y. Sept. 8, 1997) (citing Fagan v. City of Vineland, 22 F.3d 1283, 1290 (3d Cir. 1994)). It "is in effect a reflection of the general policy encouraging judicial economy and finality." In re N. Telecom Ltd. Sec. Litig., 42 F. Supp. 2d 234, 239 (S.D.N.Y. 1998).

not instruct the jury on the law applicable to interference with mail in violation of the First Amendment.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:     June 4, 2018
           Rochester, New York